"In care of"
Denise Mead
1307 Sunchase Dr.
Lawrence, KS. 66044
12/23/2021

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF TOPEKA KANSAS

Denise Mead  ]

    Plaintiff ]

        Vs.  ]

Judge Beth Kay Huff ]

  Michael L. Zevitz  ]      Request for Jury Trial

  Kansas State B.A.R.  ]    Reserve The Right To Amend

    Melissa J. Zevitz       Case No.   5:21-cv-04092-HLT-ADM

      Defendents]

## 20.5 MILLION DOLLAR LAWSUIT FOR VIOLATION OF FOREIGN AGENT REGISTRATION ACT. OF 1938 AND F.D.C.P.A. ACT 1692 THIS CLAIM IS ALSO AGAINST THE KANSAS B.A.R. ASSOCIATION, THE DEFENDANT'S B.A.R. CARD/LICENSE AND ADMINISTRATIVE FILE NO. 222729-917980

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

Denise Mead, proceeding *in propia persona*, states the FDCPA mandates debt collectors cannot use false, deceptive, or misleading practices. The attorney is a foreign agent attacking a state citizen without a FARA registration statement filed with the National Attorney General's office in violation of The Federal Law, **The Foreign Agent Registration Act. Of 1938. FARA is codified at 22 U.S.C. § 611 et seq. and its implementing rules are located at 28 C.F.R. § 5.1 et seq.** The Foreign Agents Registration Act is a United States law passed in 1938 requiring

*[handwritten:] The Plaintiff designates the place of preference for trial to be Topeka, KS*

that agents representing the interests of foreign powers in a "political or quasi-political capacity" disclose their relationship with the foreign government and information about related activities and finances. 18 U.S.C. § 951 provides criminal penalties for anyone, other than a diplomat, to operate as an agent of a foreign government without first notifying the United States Attorney General for National Security. A review of the archives shows the agent **(Michael L. Zevitz (KS#14850)** and **Judge Beth Kay Huff** are not registered with the Attorney General For National Security and are is in violation of FARA codified at 22 U.S.C. § 611 et seq. The FDCPA, also dictates that debt collectors must be registered with the Attorney General in the State they are attempting to collect debts in. These requirements are required by law to be a legal debt collector and without them the attorney is operating outside of the law and is liable in his personal capacity for the damages they cause during the unlawful foreclosure attempt. Attorney Zevitz is the attorney on record, however the pleadings in the case are not signed by the attorney on record. Clearly Zevitz signed the notice of appearance to assist Meyer in stealing the defendant's property by signing the entry of appearance when he is not part of the case. Mr. Zevitz conspired to commit real estate deed fraud and the illegal foreclosure as such shares the civil liability. Judge Beth Huff took jurisdiction without legal authority and opened herself up for civil liability because the court did not have jurisdiction over a state citizen without an injured party. There is no injured party and no affidavit in this case, the foreclosing statute is missing the 3- elements necessary (Kansas State Constitution) an enacting clause, a title and a body. The foreclosing statute does not have these 3- elements and therefore the statute is not a valid law that can provide jurisdiction to the court to grant a foreclosure. The Kansas State B.A.R. Association is responsible for the attorney's misconduct, I'm attacking the bar members bond, and license. The forms and local rules reflect the b.a.r.'s control over the court proceedings and the attorney.

### Jurisdictional Statement:

The Constitution vests State courts with the authority to hear cases "arising under the Constitution or the Laws of the United States." U.S. Const. art III, § 2. Congress vests federal district courts under (28 U.S.C. § 1331) with subject-matter jurisdiction over cases involving questions of federal law. In this case, the 3rd party debt collector filed as a "Foreign Agent" as

noted by the "notice of appearance. "**A foreign agent must file in Federal Court for the court to have jurisdiction.** The state court has no jurisdiction to hear a case filed by a foreign agent.

### Short and Plain Statement of The Claim:

The Judge and the Attorney acted with "deliberate indifference to the Constitution" and Federal law when they conspired to steal the defendant's property while collecting a debt acting as a 3rd party debt collector pretending to be collecting on behalf of a 3rd party corporation in violation of the F.D.C.P.A. The Attorney illegally filed a foreclosure petition against the Mead's property acting as a 3rdparty debt collector. The attorneys, in this case, are the only person who signed the foreclosure petition against Mead's property and that makes the attorney the real plaintiff and not the lender. The attorney failed to provide a contract or affidavit showing they are working on behalf of a lender. This false misrepresentation while collecting a debt is a violation of the F.D.C.P.A. provisions contained in 15 U.S.C. §§ 1692 a-1692. The attorney violated provisions defined in **15 U.S.C. Sec. 1692 false misrepresentation while collecting this debt.** The attorneys are also in violation of the Foreign Agent Registration act of 1938 (fara). Kay Huff made a judicial determination in a judicial hearing without a witness or affidavit to give the court jurisdiction. **State court has no jurisdiction over a dispute between a State citizen and a foreign agent. The foreign agent must file their claim in a Federal Court for a court to have jurisdiction.** Beth Huff places herself in a position of civil liability for dismissing the plaintiff's jurisdictional challenge with an affidavit, the default motion and all the other pleadings the attorney failed to respond to. Kay Huff stepped outside of the Constitution and Federal law when she ruled without jurisdiction and therefore has No Immunity!

### Violation of The Foreign Agent Registration Act Of 1938:

Judge Huff and attorney Zevitz are also in violation of The Federal Law due to the fact the attorney is a foreign agent attacking a state citizen in State Court without a FARA registration statement filed with the National Attorney General's office. **The Foreign Agent Registration Act. Of 1938. FARA is codified at 22 U.S.C. § 611 et seq. and its implementing rules are located at 28 C.F.R. § 5.1 et seq.**

### The Courts Limited Statutory Jurisdiction:

This court Does not have statutory jurisdiction over a State Citizen without an injured party. The State court further lacks jurisdiction based on the fact the foreclosure statute does not have the 3 elements necessary for it to be considered a real law. The foreclosing statute is missing the enacting clause, the title and the body and therefore cannot provide jurisdiction to the court. The attorneys are also in violation of Federal wire fraud, mail fraud and R.I.C.O. laws.

### Claim for Relief:

Mead demands her claim of 20.5 million and legal expenses to be granted in full. Mead's credit score took a serious nosedive when the attorneys lied to the credit reporting agency. Mead now has a foreclosure showing on her credit score and she will never qualify to buy a home, for the best financing. Mead is limited in employment options due to being damaged with a poor credit score that was based on false information.

### PARTIES:

a. Denise Mead is a resident of Douglas County, Kansas.

b. Attorney Michael L. Zevitz (KS# 14850).

c. Judge Beth Kay Huff.

d. The Kansas State B.A.R.

e. Melissa J. Zevitz

### The Two Jurisdictions For The Court To Operate Under:

Denise Mead is only aware of two jurisdiction the court can operate under as per the Constitution, and those jurisdictions are **Common Law**, and **Admiralty Jurisdiction**. Mead demands this case be heard in a court of common law, and if the court chooses to proceed under **Admiralty Jurisdiction**, Mead will need the court to inform her where the rules of procedures for admiralty jurisdiction can be found for Mead's review to protect the court from civil liability for "obstruction of the administration of justice".

## Reservation Of Rights Under UCC-1-308:

Mead reserved her rights under the UCC 1-308, formally 1-207, and demand the statutes used in this court be construed in harmony with Common Law.

The code is complimentary to the common law, which remains in force, except where displaced by the code.

A statute should be construed in harmony with the common law unless there is a clear legislative intent to abrogate the common law.

The code was written as not to abolish the common law entirely. Mead was not involved with an international maritime contract, so in good faith, Mead denies that such a contract exists, and demand the court proceed under Common Law Jurisdiction.

## Elements Of A FDCPA Claim:

The elements of a fdcpa claim are present in this case:

The plaintiff brings her suit under the FDCPA and will shows the following elements to successfully make her claim:

(1) The plaintiff is a "consumer" as defined by 15 U.S.C. § 1692 a (3).

(2) The debt arose out of a transaction entered for personal purposes.

(3) That the foreclosing party is a "debt collector" as defined by 15 U.S.C. § 1692a (6); and

(4) That the foreclosing attorney violated one of the provisions contained in 15 U.S.C. §§ 1692 a-1692.

The party making the F.D.C.P.A. claim is a consumer as shown by the alleged mortgage loan and unlawful judicial foreclosure filed in State Court against the property in dispute. The alleged loan was to secure personal housing for the Mead and her family. The attorney is a debt collector

as noted in their emails and phone communications as well as the business description. The attorney violated provisions defined in **15 U.S.C. Sec. 1692 false misrepresentation while collecting a debt as noted by the attorney's signature on the petition.** The FDCPA mandates debt collectors cannot use false, deceptive, or misleading practices to collect a debt. In this case the attorney is collecting a debt acting on behalf of law firm and not a lender.

### Violation of The Foreign Agent Registration Act. Of 1938:

The attorney and the judge is in violation of Federal Law, they failed to register as a foreign agent with the Attorney General For National Security as mandated by Foreign Agent Registration Act. Of 1938. The attorney misrepresented him self's as legal debt collectors when in fact they are an un-registered foreign acting unlawfully foreclosing in the wrong court and in violation of the Kansas State Constitution. The law firm nor the attorney meet the requirements mandated in the FARA, to be a legal debt collector because they are not registered with the Attorney General for National Security as a foreign agent, and they do not have their FARA registration form available for inspection.

### The Fair Debt Collection Practice Act:

The FDCPA, mandates the attorney, and the law firm must have a license to be a debt collector, a bond, and they must be registered with the Attorney General in the State they are collecting in and in this case the attorney is not licensed to collect debts, have a bond nor have the attorney registered with the attorney General In this State. The debt collector in this case is in violation of the FDCPA, they do not meet the legal requirements to be considered a debt collector and therefore have no standing before the court. The debt collector company cannot at any point engage in abuse, threats, coercion, **misrepresentation, fraud, harassment, unfair means, and deception to collect debt. The debt collection company must provide proof that they have the authority to collect fees, interest, or expenses above the original balance; such proof may be a signed document by the debtor.**

## Factual Allegations:

Denise Mead received a foreclosure petition against her home that was filed on sept. 6th 2019 in Douglas County court. The petition was only signed by the attorney Courtney George, and there was no affidavit from an injured party. The attorneys filed this illegal foreclosure acting as a 3rd party debt collector and they are not working on behalf of the lender. Mead filed her Jurisdictional Affidavit with an affidavit in the attorney's State foreclosure case. Mead also filed a motion to moot the pleadings the attorneys filed in their case until the attorneys prove jurisdiction on the record. The attorneys failed to respond by counter affidavit, so it is admitted the following fact of the dispute are true and correct. **Judge Beth Huff** ignored the fact the attorney failed to prove jurisdiction on the record and took jurisdiction without legal authority and is now subject to civil liability. The judge ignored the following undisputed facts in the State foreclosure case. The ROA report will also show there have been 8 different attorney who worked to muddy the waters and confuse the plaintiff in their illegal foreclosure scheme. **See Exhibit B- A copy of the ROA report.** The following facts are admitted as truth in the court record since the attorney failed to argue the fact were not true.

The original contract was altered, stolen and there is an addition to the agreement with the following items that are not showing on the contract filed in this case.

a) The intent of the agreement was the original party who funded the alleged loan per the bookkeeping entries is to be repaid the money,

b) The bank or financial institution involved in the alleged loan will follow GAAP,

c) The lender or financial institution involved in the alleged loan will purchase the promissory note from the borrower,

d) The borrower does not provide any money, money equivalent, credit, funds or capital or thing of value that a bank or financial institution will use to give value to a check or similar instrument,

e) The borrower is to repay the loan in the same species of money or credit that the bank or financial institution used to fund the loan per GAAP.

f) The original written agreement gives full disclosure of all material facts.

g) The original contract will show the bank agreed that I could repay using another IOU-promissory note payable in the same species of money, money equivalent or credit or funds or capital that the bank or financial institution used per GAAP to fund the loan.

h) Mead is declaring damages because the note was altered and stolen.

i) Mead's signature cannot testify that the bank lent her the bank's money to purchase the browser's promissory note.

j) The Attorneys failed to provide the court adequate assurance of due performance. The bank did not give me a deposit slip in violation of 12 USCA Sec 1813.

k) The court does not have on record what the bookkeeping entries are, so the attorney cannot prove they performed under the agreement and funded the loan to the me. See Exhibit A- A copy of the jurisdictional challenge with an affidavit that was filed in the state foreclosure case and the attorneys did not answer by counter affidavit, nor did the attorney respond to the motion to moot the pleading until the attorney proves jurisdiction on the court record.

## Damages:

The attorney falsely reported information regarding the alleged debt owed by to one or more consumer-reporting agencies and failed to report the debt as being in dispute as required by FDCPA.

This public reporting to consumer-reporting agencies constitutes defamation as attorney publicized false information about the alleged money owed by Mead, which is false.

The conduct of attorney has proximately caused Mead past and future monetary loss, past and future damage to Mead's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the jury at trial.

It is a practice of the attorney to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, and Federal Law.

All actions taken by employees, agents, servants, or representatives of any type for attorneys were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

All actions taken by attorneys were done with malice, were done willfully, and were done with either the desire to harm Mead and with the knowledge that their actions would highly likely harm Mead.

The attorneys knew or should have known their actions were in reckless disregard of the FDCPA, and Federal Law.

The attorney has engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and the handling of the account as set forth in this Complaint and as such attorney is subject to punitive, compensatory, and statutory damages and all other appropriate measures to punish and deter similar future conduct by the attorney or his corporation.

### Facts of The Claim-Violations of The Federal Law:

The attorney, a debt collector under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to misrepresentation, and the following:

a. The attorney is not registered with the Attorney General for National Security in violation of the Foreign Agent Registration Act of 1938 and does not have their FARA registration form available for inspection.

b. The attorneys in the law firm do not have a license to practice law.

c. The attorneys do not have a license with the State to be a legal debt collector.

d. The attorney's law firm does not have a license to be a legal debt collector.

e. The law firm does not have a bond as mandated in the FDCPA.

f. The law firm is not registered with the Attorney General in the State of Kansas.

g. Not showing the account/trade-line as being in "dispute" on Mead's credit report.

h. Falsely reporting the debt on Mead's credit report; and

i. Mead has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

j. Such negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.

### 1st- Claim- Violation of Foreign Agent Registration Act of 1938:

The attorney is in violation of the FARA, he is not registered with the Attorney General For National Security and he does not have a copy of the registration form available for inspection.

### 2nd- Claim Violation of the FDCPA,

The law firm nor the attorney meet the requirements mandated in the FARA, or FDCPA, to be a legal debt collector.

### Elements for Common Law:

a. Controversy (The listed defendant)

b. Specific Claim (wrongful foreclosure)

c. Specific Remedy Sought by Claimant (5.5 million dollars)

d. Claim Must be Sworn To (Affidavit of Verification attached), and I will verify in open court that all herein be true.

**Relief Sought:**

1. An award of statutory, actual, compensatory, and punitive damages in the amount of 20.5 Million Dollars.

2. Legal Expenses 20,000.00

3. The alleged debt be discharged.

4. The attorneys contact the credit reporting agencies and remove the false information that was reported to them that is damaging plaintiff's credit history.

5. Plaintiff also requests all further relief to which she is entitled under Federal or State law, whether legal or equitable nature.

*[signature]* 12/22/2021
Denise Mead

Without Prejudice UCC 1-308

Denise Mead's **Permanent Address:**

Rural Route Delivery

1309 Sunchase Dr.

Lawrence, Kansas. 00000

## CERTIFICATE OF SERVICE

I hereby certify that on the ___22___ nd day of ___December___ 12/22/2021, the foregoing document was filed in Court, and a copy was mailed out to attorney on record.

_Denise Mead_  12/22/2021

Denise Mead

Without Prejudice UCC 1-308

Denise Mead's **Permanent Address:**

Rural Route Delivery

1309 Sunchase Dr.

Lawrence, Kansas. 00000

Mailed to the following:

Michael L. Zevitz (KS#14850)         Judge Beth Huff

13160 Foster Suite 100                     111 E. 11th st.

Overland, Pk. KS. 66213                  Law, Ks. 66044


The Kansas State B.A.R.

1200 S.W. Harrison St.

Topeka, Ks, 66612