IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENISE L. MEAD,

    Plaintiff,

    v.

B. KAY HUFF, et al.,

    Defendants.

Case No. 21-4092-HLT-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Denise L. Mead's ("Mead") "Notice of Recusal of Magistrate Judge Angel D. Mitchell Pursuant to 28 USCS Sec. 455." (ECF 35.) Mead makes several "demands" in this filing, and therefore the court construes it as a motion. Specifically, Mead's motion makes the following "demands": (1) "this court . . . RECUSE the Judge in this case"; (2) "a real Judge to hear future proceeding in this case"; (3) "said Judge recuse himself considering the objections and notice of claim presented to the court"; and (4) all of the undersigned's orders "be vacated" and "the Regional Judge" preside over the case and "re-instate the party the judge illegally removed from the action." (ECF 35, at 1, 2, 4.)[1] For the reasons explained in more detail below, Mead's motion is denied.

---

[1] It appears that Mead intended to direct this motion to the district judge, but the district judge referred this motion to the undersigned. It is a non-dispositive motion and "motions to recuse are ordinarily directed to the judge whose recusal is sought." *Waterman v. Groves*, No. 18-3092-JWB-KGG, 2020 WL 4045199, at *4 (D. Kan. July 17, 2020) (taking up plaintiff's third motion to recuse the magistrate judge "rather than ask Magistrate Judge Gale to repeat his analysis yet a third time"). As for consideration of "the objections and notice of claim" that Mead filed (ECF 33), the district court will resolve those objections. Fed. R. Civ. P. 72(a).

Two federal statutes govern judicial recusal: (1) 28 U.S.C. §§ 144[2] and 455. Mead's motion relies on § 455 and recites specific portions of § 455(a) and (b)(1). (ECF 35, at 1.) These statutory subsections require a judge to disqualify herself in any proceeding in which her "impartiality might reasonably be questioned," or if she "has a personal bias or prejudice concerning a party."[3] Mead's motion focuses on § 455(a), which "is a 'catch-all' provision that is broader than the specific grounds for disqualification set forth in § 455(b)." *United States v. Young*, 45 F.3d 1405, 1415 (10th Cir. 1995). More specifically, § 455(a) requires disqualification for the appearance of impartiality, whereas § 455(b)(1) requires disqualification for actual partiality. *Burke v. Regalado*, 935 F.3d 960, 1053 (10th Cir. 2019).

The test for determining impartiality is an objective one. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Under § 455(a)'s more liberal standard, a judge must recuse "when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). But § 455(a) must not be construed so broadly that it mandates recusal based on unsubstantiated suggestions of bias. *United States v. Cooley*, 1 F.3d

---

[2] Section 144 provides that a judge should recuse if the party seeking recusal submits a "timely and sufficient affidavit" illustrating that the judge has a personal bias or prejudice towards a party. "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Conclusions, beliefs, and opinions are insufficient to meet a movant's requirement. *Id.* Mead's motion is denied under this statute for essentially the same reasons as the court denies the motion under § 455. *See Vazirabadi v. Denver Health & Hosp. Auth.*, 782 F. App'x 681, 685 (10th Cir. 2019) (explaining that § 455(b)(1) "duplicates the grounds for recusal set forth in § 144").

[3] Mead's motion also recites language from § 455(b)(5)(i) in the opening paragraph, stating that a judge must recuse herself if "the Judge is a party to the proceeding or an officer, director, or trustee of a party." (ECF 35, at 1.) Mead, however, does not contend (nor could she) that the undersigned is either a party or an officer, director, or trustee of a party. This order therefore does not address this statutory subsection.

985, 993 (10th Cir. 1993); *see also David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (explaining that a judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is"). In fact, a judge has a duty to sit when there is no legitimate reason for him to recuse himself. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351.

Courts must exercise great care in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device); *see also, e.g., In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) ("[T]he disqualification decision must reflect … the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking."); *In re Nat'l Union Fire Ins. Co.*, 839 F.2d 1226, 1229 (7th Cir. 1988) ("Judges have an obligation to litigants and their colleagues not to remove themselves needlessly … because a change of umpire in mid-contest may require a great deal of work to be redone .. and facilitate judge-shopping."). The party moving for disqualification bears the burden of proof. *Burke*, 935 F.3d at 1054; *see also Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (characterizing the burden as a heavy one).

Here, Mead claims that the undersigned, in violation of 28 U.S.C. § 636 and Federal Rule of Civil Procedure 73, "illegally took jurisdiction to provide an unfair advantage to fellow b.a.r. members by removing a defendant without consent" and "cannot hear the above case in a fair and impartial manner." (ECF 35, at 1, 2.) Mead bases her claims on this court's order granting Mead leave to file an amended complaint and deeming the amended complaint filed, which resulted in

the addition of William Meyer as a defendant, the addition of a RICO claim, and the removal of Melissa Zevitz as a defendant. (ECF 25.)

Mead argues that the undersigned had no jurisdiction to issue the order granting leave to amend because Mead did not consent to the magistrate judge's involvement in the lawsuit. (ECF 35, at 4 ("The magistrate judge can only take jurisdiction upon consent from all parties. Plaintiff never provided consent for a **lessor judge** to be involved in his lawsuit." (emphasis in original)).) Mead is mistaken as to when the parties' consent is necessary. Under the law, a district judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except for certain matters not relevant here. 28 U.S.C. § 636(b); *see also* FED. R. CIV. P. 72. The parties' consent is only necessary in circumstances when the district court specially designates the magistrate judge "to conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c); FED. R. CIV. P. 73 ("When authorized under 28 U.S.C. §636(c), a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial."). Here, the district judge referred Mead's motion to amend to the magistrate judge to hear and determine pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b), for which the parties' consent is not required. Therefore, Mead's jurisdiction argument has no merit.

Mead further argues that the undersigned was not fair or impartial in ruling on Mead's motion to amend. But this court *granted* Mead's motion to amend and deemed filed the amended complaint that *Mead* submitted. (ECF 25.) Mead's own amended-complaint submission added William Meyer as a defendant, added a RICO claim, removed Melissa Zevitz as a defendant from the case caption, and removed any allegation relating to Ms. Zevitz. (ECF 17.) Mead points to

nothing in the order that would suggest favoritism or antagonism. Indeed, the ruling is not even adverse to Mead. Therefore, there is no indication of actual bias or even an appearance of bias.

In sum, the court concludes these are not circumstances where a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality under §455(a), much less demonstrate a personal bias or prejudice under § 455(b)(1). The undersigned has no personal bias or prejudice against Mead, and therefore has a duty to sit and hear this case because there is no legitimate reason for recusal.

**IT IS THEREFORE ORDERED** that plaintiff Denise L. Mead's motion for recusal (ECF 35) is denied.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this order to Mead via regular mail.

**IT IS SO ORDERED.**

Dated April 5, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge