## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DENISE MEAD,**

      **Plaintiff,**

      v.         Case No. 5:21-cv-04092-HLT-ADM

**B. KAY HUFF, et al.,**

      **Defendants.**

### ORDER

Plaintiff Denise Mead moves for a temporary restraining order ("TRO") and permanent injunction against Defendant William H. Meyer to enjoin an allegedly fraudulent sale of Plaintiff's home. Doc. 36.[1] Plaintiff argues that the Kansas law used to foreclose on Plaintiff's home is invalid under the Kansas Constitution. Doc. 36 at 2.

Plaintiff fails to establish how this Court has jurisdiction to grant such a request under its federal question, diversity, or supplemental jurisdiction. 28 U.S.C. §§ 1331, 1332, 1367. And even if the Court had jurisdiction, Plaintiff has failed to demonstrate how she is entitled to equitable relief.

A preliminary injunction, which has a similar analysis to a TRO, may only be granted when traditional legal remedies are inadequate and the right to relief is "clear and unequivocal." *DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1270 (10th Cir. 2018) (citations omitted). Further the moving party must show the following:

> (1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing

---

[1] The Court is mindful of Plaintiff's pro se status and liberally construes her filings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not assume the role of advocate. *Id.*

>party will suffer under the injunction; and (4) the injunction would
>not be adverse to the public interest.

*Id.* (citations omitted). Here, Plaintiff's current lawsuit seeks relief under the Foreign Agent Registration Act of 1938 ("FARA"), the Fair Debt Collection Practices Act ("FDCPA"), the Racketeer Influenced and Corrupt Organization Act ("RICO"), and the Tucker Act. Doc. 17 at 6-11. Plaintiff has not provided the Court with facts to show that she is substantially likely to succeed on these claims, nor has she established that she will suffer irreparable injury.

She has not shown that she is likely to succeed in showing that any of the defendants is working on behalf of a foreign nation as required for FARA (even assuming there is a private right of action under this statute). Her FDCPA allegations are inconsistent. Plaintiff has not shown a likely success on the conspiracy claims. She does not show that she is likely to overcome absolute judicial immunity for one defendant. Furthermore, her First Amended Complaint requests extensive monetary damages, and monetary damages are a traditional legal remedy.[2] The Court will not grant equitable relief when traditional legal remedies can repair the alleged injury. *Id.* Thus, the Court denies injunctive relief.

THE COURT THEREFORE ORDERS that Plaintiff's Motion for a Temporary Restraining Order and Permanent Injunction (Doc. 36) is DENIED.

IT IS SO ORDERED.

Dated: April 7, 2022                              /s/ *Holly L. Teeter*
                                                  HOLLY L. TEETER
                                                  UNITED STATES DISTRICT JUDGE

---

[2] The Court is not ruling on the pending motions to dismiss. The Court notes, however, that the motions practice thus far suggests that Plaintiff falls far short of a substantial likelihood of success on the merits.

2