IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENISE MEAD,

                Plaintiff,

vs.                                           Case No. 5:21-cv-04092-HLT-ADM

JUDGE BETH KAY HUFF, MICHAEL L.
ZEVITZ, KANSAS STATE B.A.R., and
MELISSA J. ZEVITZ,

                Defendants.

---

**Motion to Dismiss by Kansas Bar Association and Memorandum in Support**

The Kanas Bar Association (KBA) moves to dismiss plaintiff's Amended Complaint, *Doc. 17*, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**Nature of the Matter**

Plaintiff is dissatisfied over a state mortgage foreclosure action. Plaintiff alleges violations of the Fair Debt Collections Practices Act (FDCPA) , 15 U.S.C. § 1692–1692p, the Foreign Agent Registration Act (FARA) ,22 U.S.C. § 611, *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68—all arising out of a state court foreclosure action. Plaintiff contends that defendants, attorneys Michael L. Zevitz and William Meyer (attorneys for the lender in the foreclosure action) and Kansas District Judge Beth Kay Huff (the judge presiding over the foreclosure action), failed to register as foreign agents and that Judge Huff acted without jurisdiction. Plaintiff contends the attorney defendants were required to register with

the state attorney general as a debt collector, conspired to commit real estate deed fraud and illegal foreclosure and lied to a credit reporting agency. Plaintiff contends that the KBA is responsible for the attorney's alleged misconduct. Plaintiff seeks $20 million, discharge of her debt, and legal expenses.

## Statement of Facts

The Amended Complaint contains two conclusory allegations against the "Kansas State B. A. R. [*sic*]":

> 50. The Kansas State B. A. R. association licenses the attorney (as noted by the attorney's bar number) and therefore is liable for their illegal misconduct.
>
> 51. The B. A. R controls the court with rules and forms that have the word b. a. r. association under the page number.

*Doc. 17,* p. 6.

## Question Presented

1. The complaint fails to state a plausible claim for relief against the KBA.

## Argument and Authorities

**A.   Standards of review.**

When ruling on a motion to dismiss under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and views them in the light most favorable to the nonmoving party to determine whether they plausibly give rise to an entitlement of relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court need not accept as true those allegations which state only legal conclusions. *Id.* Plaintiff must frame the complaint with enough factual matter to suggest that she is entitled to relief. Threadbare recitals of a cause of action accompanied by conclusory statements are not enough. *Id.* at 678. A facially plausible claim exists where the complaint pleads factual content from which the Court can reasonably infer the defendants are liable for the misconduct alleged. *Id.* Plaintiff must show more than a sheer possibility that defendants have acted

unlawfully—it is not enough to plead facts that are "merely consistent with" defendants' liability. *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Labels, conclusions, formulaic recitation of the elements of a cause of action, and/or naked assertions devoid of further factual enhancement will not stand. *Id*.

Although pro se complaints are to be construed liberally and held to a less stringent standard, they still must allege sufficient facts "on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "[C]onclusory allegations without supporting factual averments" remain insufficient to state a plausible claim for relief. *Id.*

**B.      The complaint fails to state any claim against the KBA.**

There is no mention of the KBA in the complaint. Rather, the plaintiff names the non-existent "Kansas State B. A. R." The only reference to the KBA in the body Amended Complaint are in the following conclusory allegations:

> 50. The Kansas State B. A. R. association licenses the attorney (as noted by the attorney's bar number) and therefore is liable for their illegal misconduct.
>
> 51. The B. A. R controls the court with rules and forms that have the word b. a. r. association under the page number.

*Doc. 17,* p. 6. The Amended Complaint alleges no facts or theory to support or explain or illuminate these allegations, legally or factually. The conclusory allegations lack factual detail to identify <u>any</u> misconduct, let alone attribute that misconduct to the KBA.

The complaint does not explain or allege, factually, how the KBA was responsible for the alleged misconduct of attorneys Zevitz and/or Meyer. The complaint alleges the "b.a.r.'s" forms and local rules reflect control over the court proceedings and attorneys Zevitz and/or Meyer. The complaint does not identify the forms and rules, nor does the complaint explain or allege how the KBA is responsible for the "b.a.r.'s" forms and rules. Even had plaintiff done so, there is no basis for a claim against the KBA. Plaintiff does not provide the elements for—or identify—her cause

{T0474643}                                                           3

of action against KBA. The naked, conclusory assertion fails to state a plausible claim for relief.

The Amended Complaint is legally deficient. First, there is no indication that attorneys Zevitz and/or Meyer and/or Judge Huff acted inappropriately or committed any misconduct. The Amended Complaint discusses the Foreign Agents Registration Act (FARA). 22 U.S.C. § 611 *et seq*.; Title 28 C.F.R. Part 5. The FARA was enacted in 1938 and requires certain agents of foreign principals who are engaged in political activities or other activities specified under the statute to make periodic public disclosure of their relationship with the foreign principal, as well as activities, receipts and disbursements in support of those activities. While the complaint alleges defendants are not registered under FARA, there is no indication that they are required to do so or how that lack of registration injured plaintiff Mead. Further, there is no private cause of action under FARA because nothing in the "language in the statute or its legislative history which suggests that Congress intended to establish a cause of action in any entity other than the federal government." *Comm. for a Free Namibia v. S. W. Afr. People's Org.*, 554 F. Supp. 722, 725 (D.D.C. 1982). *Accord Weican Meng v. Xinhuanet Co.*, No. 16 CIV. 6127 (ER), 2017 WL 3175609, at *3 (S.D.N.Y. July 25, 2017) (dismissing FARA claim for lack of a private cause of action); *Waterhouse v. Cufi Church Ass'n Inc.*, No. CIV. 14-00144 SOM, 2014 WL 1745098, at *3 (D. Haw. Apr. 29, 2014) ("Because there is no private right of action for violations of the Foreign Agents Registration Act, Count Two is dismissed."). There is no basis for a claim under FARA against anyone, let alone the KBA.

The complaint also discusses the Fair Debt Collection Practices Act, 15 USC 1692, *et seq*. At best, the complaint seems to be a collateral attack on a foreclosure action which is barred by the *Rooker-Feldman* doctrine.

> The *Rooker–Feldman* doctrine prevents federal courts from assuming jurisdiction over "cases brought by state-court losers complaining of injuries caused

       by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, "[t]he *Rooker–Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments," *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006), and it thus bars claims, like Mr. Lambeth's, that seek to upset or undo prior state-court judgments, *see Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 789 (10th Cir.2008), *cert. denied*, 555 U.S. 1112 (2009).

*Lambeth v. Miller*, 363 Fed. Appx. 565, 567 (10th Cir. 2010). *See also*, *Williams v. Hsbc Bank USA, N.A.*, No. 15-9372-JAR-JPO, 2016 WL 3092187, at *3 (D. Kan. June 2, 2016), in which Judge Robinson rejected a similar collateral attack on a mortgage foreclosure. Even if the Amended Complaint were construed to assert a claim under the FDCPA, there is no allegation that factually ties such a claim to the KBA.

       "To successfully state a RICO claim, a plaintiff must allege four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir.2002) (quotation omitted). Racketeering activity is frequently described as a "predicate act" or "predicate acts" which consist of the federal and state crimes identified in 18 U.S.C. § 1961(1). *Ferluga v. Eickhoff*, 408 F.Supp.2d 1153, 1159 (D.Kan.2006); *United States v. Smith*, 413 F.3d 1253, 1268-69 (10th Cir.2005), *cert. denied*, 546 U.S. 1120 (2006). The employment of lawful foreclosure proceedings is not a predicate act under RICO. Moreover—the bare mention of RICO does not implicate any conduct by the KBA as part of an enterprise with any person or entity.

       There is no legal basis supporting plaintiff's assertion the KBA is responsible for the misconduct of its members. *See, e.g.*, *Bergeson v. South Dakota*, No. 1:21-CV-01026-CBK, 2021 WL 5771183, at *2 (D.S.D. Dec. 6, 2021) (describing as "quixotic," "farcical," and "meritless 'legal nonsense'" claim that state bar association was liable for similar alleged statutory violations of its members) (citing *Fonder v. South Dakota*, 2021 WL 4710781, at *1 (D.S.D. Oct. 8, 2021)).

Plaintiffs' claim against the KBA misses the mark by a wide margin. The KBA does not regulate attorney conduct, as that power falls within the purview of the Kansas Supreme Court. *In re Flack*, 272 Kan. 465, 473, 33 P.3d 1281, 1287 (2001) ("The Kansas Supreme Court has the inherent power to define and regulate the practice of law."). It is the Kansas Supreme Court that issued the rules governing the practice of law and licensure, not the KBA. Kansas Supreme Court Rules 240, 701, *et. seq*. The task of attorney discipline is responsibility of the Kansas Board for Discipline of Attorneys. Rule 204. The KBA is a voluntary association dedicated to improving the legal system through education and advocacy. *See* Kansas Bar Association, https://www.ksbar.org/page/History (last visited Jan. 14, 2022). The KBA cannot be liable for any alleged misconduct by Attorney Zevitz and/or Meyer or Judge Huff. There is no agency or employer-employee relation (actual or alleged) upon which to base vicarious liability.

## Conclusion

The Amended Complaint does not state a plausible claim against the KBA upon which relief can be granted. It is obvious plaintiff cannot prevail on the facts alleged and any amendment of the complaint would be futile. *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010). Therefore, the claims against the KBA should be dismissed with prejudice.

**Fisher, Patterson, Sayler & Smith, LLP**
3550 SW 5th Street
Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com

**s/David R. Cooper**
David R. Cooper                              #16690
**Attorneys for Defendant Kansas Bar Association**

## Certificate of Service

I hereby certify that I caused the foregoing to be electronically filed on April 8, 2022, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record, including

William H. Meyer | SouthLaw, PC - OP
13160 Foster, Suite 100 | Overland Park, KS 66213
913-663-7600 x 139 | william.meyer@southlaw.com
*Attorneys for Defendants Zevitz and Meyer*

Stephen O. Phillips | Office of Attorney General – Kansas
120 SW 10th Avenue | Topeka, KS 66612-1597
785-368-8421 Fax 785-296-6296 | steve.phillips@ag.ks.gov
*Attorney for Judge Huff*

I further certify that a copy of the foregoing was served by U.S, mail, postage prepaid upon the following:

Denise Mead
1307 Sunchase Drive
Lawrence, Kansas 66044
*Pro Se* Plaintiff

**s/David R. Cooper**
